## General Appropriation Act Rider

ANNE X. ALPERN, Attorney General, and HARRINGTON ADAMS, Deputy Attorney General, June 7, 1961.— Reference is made to your request with regard to certain provisions in act no. 5-A, house bill no. 808, known as The General Appropriation Act of 1961, which read as follows:

". . . and for payments to school districts on account of the equalization guarantee provided in the following paragraph . . . $272,300,000.

"The Superintendent of Public Instruction shall calculate reimbursement payments for each school district on account of instruction and on all other accounts which under the provisions of the Public School Code of 1949, require the use of market valuations on the basis of the market valuations certified to the Superintendent of Public Instruction by the State Tax Equalization Board in the year 1960; provided, however, that if the sum total of payments so calculated is less than the sum total paid to a school district on all accounts requiring the use of market valuations for the school year 1959-1960, the total amount paid for the school year 1959-1960 shall constitute the amount due and payable to such school district for the school year 1960-1961, unless the number of teaching units upon which re-

imbursement for instruction and tuition is based is lower in 1960-1961 than in 1959-1960, in which case the amount due and payable for 1960-1961 shall be reduced by an amount equal to the difference in the number of teaching units multiplied by the reimbursement for the school year 1959-1960 on account of instruction plus tuition divided by the number of teaching units for 1959-1960."

This language amends article XXV of the Public School Code of March 10, 1949, P.L. 30, by providing additional payments in those cases where a school district suffers a loss in total State subsidies by virtue of increased market valuations. The language, in effect, freezes the market valuations of the State Tax Equalization Board in such manner as to guarantee that for the year 1960-61 no district will get less than it received in the school year 1959-60, unless the number of teaching units upon which reimbursement is based is lower in 1960-61 than in 1959-60. Where the number of teaching units is lower, the act provides that the amount due and payable for 1960-61 shall be reduced by an amount equal to the difference in number of teaching units multiplied by the reimbursement for the school year 1959-60.

It is clear that these provisions constitute an amendment or supplement to the Public School Code of 1949. The effect of the language used is to provide additional payments to certain school districts contrary to the present provisions of the Public School Code of 1949.

The same purpose was accomplished by the General Assembly in the 1959 session of the legislature by an amendment to the school code effectuated through the Act of November 21, 1959, P. L. 1589, act no. 569.

The amendatory and regulatory provisions in The General Appropriation Act of May 25, 1961 raise the question of constitutionality. Article III, sec. 15 of the Constitution of Pennsylvania reads as follows:

"The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative and judicial departments of the Commonwealth, interest on the public debt and for public schools; all other appropriations shall be made by separate bills, each embracing but one subject."

This section of the Constitution was designed to prevent "riders" in the general appropriation bill.

It is the opinion of this department that the insertion of these provisions violates article III, sec. 15, of the Constitution. If the Legislature desires to amend the school code, it can accomplish that objective by a bill amending the Public School Code of March 10, 1949. This was the method used in 1959.

Attorney General William A. Schnader, 1933-34 Op. Atty. Gen. 11, opinion no. 81, and Attorney General Thomas D. McBride, 1957 Op. Atty. Gen. 90, official opinion no. 16, both reached similar conclusions on the subject of "riders." Attorney General Schnader held that article III, sec. 15, of the Constitution expressly prohibits the inclusion in the general appropriation bill of anything other than appropriations. He concluded that *salary regulations and limitations are not appropriations.*

We quote from the opinion of Attorney General McBride on this issue:

". . . If the legislature wants to impose special requirements on the Department of Military Affairs and the Pennsylvania Aeronautics Commission in the handling of these funds, it *must do so by a bill apart from the general appropriation bill.*" (Italics supplied.)

We are of the opinion, therefore, and you are accordingly advised that the "rider" in The General Appropriation Act of 1961 is unconstitutional and ineffective. The approval of the general appropriation bill will not breathe life into an unconstitutional "rider."